JOHNSON, SMITH & CO., *vs.* THURMOND AND TERRY.

Judgment against a defendant and his security on *ca. sa.* bond, after the defendant has been discharged under the Honest debtor's Act, to which proceedings the plaintiffs were parties, the judgment taken without his consent, ought to be set aside.

Illegality, from Fulton county. Decision by Judge BULL, at October Term, 1858.

Plaintiffs in error sued out a *capias ad satisfaciendum*, against William H. Thurmond, for forty dollars, besides interest and cost, dated 2d September, 1856, returnable

to the succeeding term of the superior court of Fulton county, to be held on the first Monday in October next, thereafter. The sheriff arrested defendant upon this *ca. sa.*, on the 12th September, 1856, who entered into bond with Stephen Terry, security, to appear at the next superior court to be held in and for said county on the first Monday in October next, after the date of said bond, "then and there to stand to and abide by such proceedings as may be had by the court in relation to his taking the benefit of the act of 1823, entitled "an act for the Relief of Honest Debtors," &c.

At October Term, 1857, Thurmond having failed to appear, plaintiff entered judgment upon this bond against Thurmond and Terry, and sued out a *fi. fa.*, which was levied upon a lot in the city of Atlanta, belonging to Terry, who filed his affidavit of illegality, alleging that said *fi. fa.* was proceeding illegally against him, in this, that his principal, Thurmond, was arrested by virtue of a *capias ad satisfaciendum*, at the suit of R. E. Mangum & Co., on the 27th day of May, 1856, and that under the provisions of the Honest Debtor's Act of 1823, he was discharged at Fulton Inferior Court, June Term, 1857, under proceedings had in that case, and that the plaintiffs Johnson, Smith & Co., were made parties to said proceedings by notice duly served upon them as provided by law. And he submits that this operated as a legal discharge of his principal from his arrest under the *ca. sa.* issued by plaintiffs, and that the judgment afterwards entered by them against Thurmond and affiant, as his security upon the bond for his appearance, and upon which judgment his *fi. fa.* issued, is void, and that said *fi. fa.* is proceeding illegally.

It further appeared that Combs & Co., had also sued out a *ca. sa*, against Thurmond, who was arrested thereon 14th March, 1856, and Terry became his security and it was agreed that the judgment in the case of Johnson,

Johnson, Smith & Co. vs. Thurmond and Terry.

Smith & Co., be made the judgment in that case likewise.

A motion was also submitted by counsel for Thurmond and Terry, that the judgment in the case upon which the *fi. fa.* issued be set aside and declared void, on the grounds set out in the affidavit of illegality above stated.

After argument, the court sustained the illegality, and set aside the *fi. fa.*, and declared the judgment upon which it was founded null and void. And plaintiffs excepted.

T. L. COOPER and COLLIER, for plaintiffs in error.

GREEN B. HAYGOOD, *contra.*

*By the Court.*—McDONALD, J., delivering the opinion.

The court annulled the judgment in this case against the surety on the *ca. sa.* bond. The plaintiffs had been notified of the application of the defendant, Thurmond, to take the benefit of the act for the relief of honest debtors, and were bound by the judgment of the court rendered in his favor on that application. The majority of this court are of the opinion that that judgment operated as a bar against the further proceeding of the plaintiffs in the *ca. sa.* bond, without plea or proof, and that on that ground the judgment of the court below ought to be affirmed. I incline to a different opinion. The arrest of the defendant by the plaintiffs was a distinct proceeding, which ought to have been met by him as in all other cases. He ought to have appeared and proved his discharge, which would have arrested further proceedings on the bond.

The defense would, no doubt, have been effectual and complete, if he had then made a suggestion and proof of his discharge. But, because he did not then make it, from a misapprehension of the necessity of making it, is he now concluded by the judgment so effectually that he cannot move to set it aside? The record does not show

the view taken of the case by the presiding judge in the court below. He has set aside a judgment rendered against the defendant most unjustly in his own court. Ought this court to disturb his judgment? The defendants unquestionably knew all the facts of their case, and there is as little question that they acted under a mistake of the law, in the view that I take of it. If they acted under the impression that the discharge of Thurmond under the honest debtor's act, put a stop to proceedings against him in all other cases, a court of chancery would take jurisdiction of the cause; and if a court of chancery would do it, the same court in which the judgment was rendered ought certainly to take cognizance of it and rescind its judgment which it would be against conscience for it to execute. Story's Eq. Jur. § 120. Taking either view of the case, then, the judgment of the court below must be affirmed.

Judgment affirmed.